Citation Nr: 1602620 
Decision Date: 01/28/16 Archive Date: 02/05/16

DOCKET NO. 13-08 271 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUE

Entitlement to a rating in excess of 10 percent for residuals of prostate cancer status post radical perineal prostatectomy, to include the propriety of reduction in evaluation from 100 percent to 10 percent, effective April 1, 2011.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

D. Rogers, Associate Counsel 
INTRODUCTION

The Veteran served on active duty from December 1969 to December 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Milwaukee, Wisconsin, which reduced the Veteran's assigned disability rating for prostate cancer from 100 percent to 10 percent, effective April 1, 2011. The claims file has since been transferred to the RO in New Orleans, Louisiana. 

In January 2014, the Veteran testified at a Videoconference hearing before the undersigned Veterans Law Judge. A transcript of this hearing is associated with the claims file.

In evaluating this case, the Board has reviewed the Veteran's electronic file on the Virtual VA and VBMS systems to ensure a complete assessment of the evidence. 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Residuals of the Veteran's service-connected prostate cancer status post radical perineal prostatectomy was most recently evaluated during VA urology examination in August 2010. At that time, the examiner indicated that residuals of the Veteran's prostate cancer status post radical perineal prostatectomy included urinary leakage with stress incontinence that did not require wearing absorbent material, and urinary frequency with a daytime voiding interval every 2 to 3 hours and nocturia with voiding twice per night. 

In his February 2013 VA Form 9, however, the Veteran indicated that he wears absorbent diapers provided to him by VA that must be changed 5 to 5 times a day. He stated that he does not sleep at night, at least in part due to constant urinary leakage, and that he must change is absorbent diapers 4 to 5 times a night. Also, during the January 2014 Videoconference hearing the Veteran testified that that at the time he was prescribed absorbent garments by VA, he had to change them about 3 times a day. He indicated that his urinary incontinence has since worsened and that he regularly has to change his absorbent garments in excess of 4 times a day and at times up to 9 or 10 times a day, and at night he usually has to change his absorbent garments 1 to two times per night. As this suggests that the Veteran's service-connected residuals of prostate cancer disability may have worsened since it was most recently examined in August 2010, the Board finds that the Veteran should be afforded a new VA examination to determine the current nature and severity of his service-connected prostate cancer disability. In that regard, VA's duty to assist includes providing a medical examination or obtaining a medical opinion where necessary to decide a claim. 38 U.S.C.A. § 5103A(d).

In addition, the Veteran testified that he continues to receive follow-up treatment at the New Orleans VAMC for his service-connected residuals of prostate cancer disability. VA treatment records were most recently obtained in February 2013. As such, ongoing VA treatment records must also be obtained and associated with the claims file for review. 

Accordingly, the case is REMANDED for the following action:

1. Obtain from the New Orleans VAMC and the Hammond CBOC all relevant ongoing VA treatment records dating since February 2013. All attempts to obtain such records should be documented in the claims folder. If any records identified cannot be obtained for any reason, appropriate notice must be provided to the Veteran and he must be afforded an opportunity to respond.

2. After all available records have been associated with the claims file to the extent possible, schedule the Veteran for a VA examination to determine the nature and extent of his service-connected residuals of prostate cancer status post radical perineal prostatectomy. The claims folder is to be made available to the examiner to review. The examiner is to provide a detailed review of the Veteran's pertinent medical history, current complaints, and the nature and extent of any disability due to prostate cancer status post radical perineal prostatectomy. 

3. Review the VA examination and opinion obtained as a result of this remand to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, it should be returned to the reviewing personnel. See Stegall v. West, 11 Vet. App. 268 (1998).

4. After the above development and any other development that may be warranted is complete, readjudicate the claim for entitlement to a rating in excess of 10 percent for residuals of prostate cancer status post radical perineal prostatectomy, to include the propriety of reduction in evaluation from 100 percent to 10 percent, effective April 1, 2011. If the benefit sought on appeal is not granted to the Veteran's satisfaction, he and his representative must be furnished a supplemental statement of the case and afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).